IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHIRLEY RENICE ALVAREZ                                                                              PLAINTIFF

vs.                                              Civil No. 4:08-cv-04098

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

On October 20, 2008, Plaintiff filed the present action against the Commissioner of the Social Security Administration ("SSA"), appealing the SSA's failure to grant her a "Favorable final disability decision." (Doc. No. 1). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

As a part of her Complaint, Plaintiff also submitted a letter from the SSA dated September 18, 2008 which was titled a "Notice of Order of Appeals Council Remanding Case to Administrative Law Judge." (Doc. No. 1, Ex. BB). In this letter, which is dated forty-three (43) days prior to the present date, the Appeals Council remanded Plaintiff's case to the ALJ for further consideration of Plaintiff's claimed disability. *See id.*

Presumably, Plaintiff's case is still pending before the ALJ, but even if her case had been finally resolved by the ALJ between September 18, 2008 and today, Plaintiff's Complaint would still

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

be premature. Under 42 U.S.C. § 405(g), this Court only has jurisdiction over a "final decision of the Commissioner of the Social Security." **Pursuant to the Social Security Regulations ("SSR"), a decision of the Commissioner is not final until at least sixty (60) days have elapsed *after* a decision by the ALJ.** *See* 20 C.F.R. § 404.984(c) (allowing the Appeals Council to assume jurisdiction of a social security case "[a]ny time within 60 days after the date of the decision of the administrative law judge"); 20 C.F.R. § 404.984(d) (noting that if the exceptions are not filed and the Appeals Council does not otherwise assume jurisdiction, the decision of the ALJ becomes the final decision of the Commissioner after remand).

The present action was filed on October 20, 2008, only thirty-two (32) days after September 18, 2008, the date the Appeals Council remanded Plaintiff's case to the ALJ. Even if ALJ had decided Plaintiff's case on the date it received notice on September 18, 2008 (the date of the remand to the ALJ), the Appeals Council would still have twenty-eight (28) days to decide whether to assume jurisdiction of this case.

**Therefore, because there has been no "final decision" by the SSA, this Court does not have jurisdiction of this case pursuant to 42 U.S.C. § 405(g), and this case should be dismissed without prejudice.**

**ENTERED this 31st day of October, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE